<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO, <br><br> Plaintiffs, <br><br> v. <br><br> CARING PAIN MANAGEMENT PC a/k/a CAREON PAIN MANAGEMENT, et al., <br><br> Defendants. | Case No. 2:22-cv-05017 (BRM) (JSA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s ("Plaintiffs" or "GEICO") Motion to Vacate pursuant to Fed. R. Civ. P. 60(b), in the alternative to Dismiss the case pursuant to Fed. R. Civ. P. 41(a)(2), or, in the alternative, to Certify an Order pursuant to 28 U.S.C. § 1292(b) permitting Plaintiffs to apply to the Third Circuit to take an interlocutory appeal. (ECF No. 81.) Defendants Caring Pain Management PC, a/k/a Careon Pain Management, and Jinghui Xie, M.D. ("Defendants" or "Caring Pain Defendants") filed an Opposition (ECF No. 85), Plaintiffs filed a Reply (ECF No. 86), and the Defendants filed a Sur-Reply with permission of the Court (ECF No. 89). Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth

herein and for good cause shown, Plaintiffs' motion is **DENIED**.

I.     BACKGROUND

The factual and procedural background of this matter are well known to the parties, but to recount, this case is about the relationship between New Jersey healthcare providers and the insurance companies that pay those providers for treating patients for injuries arising from automobile accidents. Plaintiffs have alleged a series of fraudulent schemes, including unlawful compensation in exchange for patient referrals, misrepresentation of the nature, extent, and results of patient examinations, and false representation regarding compliance with pertinent healthcare laws. (*See* ECF No. 17 at 1–5.) Defendants claim this case is about Plaintiffs' attempts to accumulate settlement payments through specific litigation that accuses healthcare professionals of fraud. (*See, e.g.*, ECF No. 16-1 at 1.)

On October 28, 2022, Defendants filed a Motion to Dismiss and Compel Arbitration. (*Id.*) On May 31, 2023, the Court issued an Opinion (ECF No. 38) and Order (ECF No. 39) granting in part and denying in part that Motion. The Court granted Defendants' motion as to Plaintiffs' common law fraud, RICO, and unjust enrichment claims in favor of arbitration, while denying the motion as to Plaintiffs' claims under New Jersey's Insurance Fraud Prevention Act ("IFPA"), N.J. Stat. Ann. §§ 17:33A-1 to -30. (*Id.*) On June 3, 2023, a Notice of Interlocutory Appeal was filed by Defendants. (ECF No. 41.) On June 6, 2023, the case was docketed by the Third Circuit (*GEICO, et al v. Caring Pain Management PC, et al.*, C.A. Dkt. No. 23-2019, ECF No. 1), and, on September 12, 2023, the appeal was consolidated with two other similar matters for purposes of disposition (*id.*, ECF No. 22). On January 18, 2024, the appeal was argued before the Third Circuit. (*Id.*, ECF No. 48.) On April 15, 2024, this Court received the Third Circuit's Judgment as to the appeal, which reversed the prior denial of the motion to compel arbitration of the IFPA

claims and remanded for further proceedings. (ECF No. 46). On May 7, 2024, the Third Circuit issued a Mandate ordering this Court to compel arbitration of the IFPA claim. (ECF No. 48.) On May 8, 2024, this Court issued an Order on Mandate compelling the arbitration of the IFPA claim and staying the case against Defendants pending arbitration. (ECF No. 50.) On January 23, 2025, Plaintiffs submitted a letter motion for a Stay of Obligation to Arbitrate IFPA Claim. (ECF No. 65.) On the same day, Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 41(b). (ECF No. 66.) On January 31, 2025, the Court issued a Text Order stating, "In light of the Third Circuit's mandate that arbitration be compelled, Plaintiff's letter request to stay the mandate is DENIED. Accordingly, Defendant's motion is administratively terminated as moot." (ECF No. 73.)

On March 03, 2025, Plaintiffs filed the Motion now before the Court (ECF No. 81) to Vacate the prior mandated Order compelling arbitration of the IFPA claim (ECF No. 50). On March 24, 2025, Defendants filed their Opposition to the Motion to Vacate. (ECF No. 85.) On March 31, 2025, Plaintiffs filed a Reply. (ECF No. 86.) On April 6, 2025, Defendants filed a Sur-Reply, which was permitted by the Court. (ECF No. 89.) On April 14, 2025 (ECF No. 92), and, on June 23, 2025 (ECF No. 98), Plaintiffs filed letters providing additional supplemental authority, specifically, New Jersey Appellate Division cases decided post-briefing.[1]

---

[1] Plaintiffs provide the Court with summary disposition orders in *Allstate Insurance Company, et al. v. Robert Matturro, D.C., et al.*, N.J. App. Div. Dkt. No. A-001224-24T2 (April 7, 2025) and *Allstate Insurance Company, et al. v. Samuel S. Davit, et al.*, N.J. App. Div. Dkt. No. A-000239-24T2 (May 20, 2025) as further instances where the New Jersey Appellate Division held PIP billing is not subject to arbitration by citing to *Allstate New Jersey Ins. Co. v. Carteret Comprehensive Med. Care, P.C.*, 330 A.3d 361 (N.J. App. Div. 2025). *Carteret Comprehensive* is the primary case Plaintiffs rest their Motion and accompanied arguments on. For reasons discussed throughout this Opinion, the additional New Jersey Appellate Division decisions do not impact this Court's analysis. *See infra*.

## II.    LEGAL STANDARD

### A.  Rule 60(b)

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief

from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence, that with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation or other misconduct of an adverse party; (4) the
> judgment is void; (5) the judgment has been satisfied, released or
> discharged; it is based on an earlier judgment that has been reversed
> or vacated; or applying it prospectively is no longer equitable; or (6)
> any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Accordingly, "Rule 60(b) allows a party to seek relief from a final judgment,

and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545

U.S. 524, 528 (2005). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . .

legal error, without more, cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F.

App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). This is

because "[t]he remedy provided by Rule 60(b) is extraordinary." *Jones v. Citigroup, Inc.*, Civ. A.

No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (internal quotation and citation

omitted).

In particular, "[t]he standard for granting a Rule 60(b)(6) motion is a high one. The movant

must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*,

570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of

extraordinary circumstances involves a showing that without relief from the judgment, an extreme

and unexpected hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008)

(internal quotation and citation omitted). Further, relief from a judgment under Rule 60(b)(6) "is

available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022). Finally, Rule 60(b) motions do not provide avenues for re-litigating already decided issues. *See Smith*, 853 F.2d at 158; *see also P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

### B.  Rule 41(a)

Fed. R. Civ. P. 41(a)(1)(A) provides that a plaintiff may dismiss an action as of right only by filing: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). *See Williams v. Wells Fargo Bank, NA*, Civ. A. No. 19-888, 2020 U.S. Dist. LEXIS 75866, at *11 (D.N.J. Apr. 28, 2020). Otherwise, as in this case, Rule 41(a)(2) applies, which governs dismissals by court order. Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). *See Carroll v. E One Inc.*, 893 F.3d 139, 145– 46 (3d Cir. 2018). As stated by the Third Circuit, such motions generally "should be allowed unless [the] defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990). *See Morano v. BMW of N. Am., LLC*, Civ. A. No. 12-606, 2015 U.S. Dist. LEXIS 76510, at *9, 2015 WL 3660324 (D.N.J. Jun. 11, 2015).

### C.  28 U.S.C. § 1292(b)

The statute governing interlocutory appeals, 28 U.S.C. § 1292(b), provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be

taken from such order[.]

28 U.S.C. § 1292(b).

Therefore, a district court may certify a non-final order for interlocutory appeal where the order (1) involves a controlling question of law, (2) there is a "substantial ground for difference of opinion" about that question of law, and (3) where immediate appeal may "materially advance the ultimate termination of the litigation." *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). "The burden is on the movant to demonstrate that all three requirements are met." *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014) (citations omitted), *aff'd*, 799 F.3d 236 (3d Cir. 2015). However, a district court should certify an interlocutory appeal pursuant to 28 U.S.C. § 1292 "sparingly" and "only in 'exceptional circumstances' that justify a departure from the basic policy of postponing review until the entry of the final order." *See Fiscus v. Combus Finance AG*, No. 03-1328, 2006 WL 2845736, at *1 (D.N.J. Sept. 28, 2006) (citing *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996)). Even if the moving party meets all criteria under § 1292(b), the district court may still deny certification as "permission to appeal is wholly within the discretion of the courts." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976); *see also United States v. Riddick*, 669 F. App'x 613, 613 n.2 (3d Cir. 2016) (citing *Forsyth v. Kleindienst*, 599 F.2d 1203, 1208 (3d Cir. 1979)) (finding an order denying a request to certify questions for appeal was unreviewable).

### III. DECISION

Plaintiff's argument is IFPA claims are inarbitrable as a matter of New Jersey law and must proceed in court accordingly. (*See generally*, ECF No. 81.) Although the Third Circuit issued a predictive ruling on New Jersey state law and held that IFPA claims were subject to arbitration under the arbitration provisions in the New Jersey Automobile Insurance Cost Reduction Act (the "AICRA") and Plaintiffs' New Jersey Decision Point Review Plan ("DPRP"), *see Gov't Emps. Ins.*

*Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463 (3d Cir. 2024), Plaintiffs argue the New Jersey Appellate Division issued a decision directly controverting the Third Circuit in *Allstate New Jersey Ins. Co. v. Carteret Comprehensive Med. Care, P.C.*, 330 A.3d 361 (N.J. App. Div. 2025). (ECF No. 81-1 at 1.) As such, Plaintiffs claim if the order compelling arbitration is left in place, they "will be left with no viable forum for the adjudication of their otherwise well-pleaded IFPA claim," which would be a "manifestly unjust, inequitable, and unfairly prejudicial" result. (*Id.*) Likewise, Plaintiffs believe this makes the mandate no longer binding on this Court because "a district court may depart from an appellate court's mandate when there is an intervening change in controlling law." (*Id.* at 17 (quoting *Bistrian v. Levi*, Civ. A. No. 08-3010, 2023 WL 6927327, at *5 (E.D. Pa. Oct. 19, 2023)).)

Defendants' opposition argues the mandate must still be followed, irrespective of the New Jersey Appellate Division's decision. (ECF No. 85 at 1, 9–19.) They also state GEICO's Rule 60(b) motion is procedurally invalid because the rule only applies to final judgments, orders, and proceedings, whereas the Federal Arbitration Act ("FAA") expressly identifies orders compelling arbitration as "interlocutory orders." (*Id.* at 1, 4–6.) Defendants further contend the Court has already rejected arguments based on *Carteret Comprehensive* when the Court denied GEICO's letter motion to stay the arbitration order. (*Id.* at 1.) Likewise, Defendants argue the case should not be dismissed under Rule 41(a)(2), especially in light of the Third Circuit's mandate, as such dismissal would allow for forum shopping, be prejudicial to the Defendants given the time and effort already expended, and would be an attempt to circumvent FAA § 3. (*Id.* at 1–2, 19–21.) Finally, Defendants state there is no basis to certify an order for appeal under 28 U.S.C. § 1292(b) as GEICO has failed to satisfy any of the three required elements of certification and the Third Circuit has already answered the legal issue(s) in question. (*Id.* at 2, 23–29.)

### A.  Rule 60(b)

Plaintiffs state vacating the order compelling arbitration is warranted under Rule 60(b)(1), (5), or (6). (ECF No. 81-1 at 9, 11, 14.) In terms of timeliness, they state requests under (b)(1) must be made no more than a year after the entry of the underlying order and within a "reasonable time" under (b)(5) and (6). (*Id.* at 8 (citing Fed. R. Civ. P. 60(c)(1)).)

The Court agrees with the Defendants that the Rule 60(b) motion is procedurally deficient here as it cannot be used to vacate interlocutory orders, but only final ones. *See Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 697 (2025) ("The term 'final' was therefore intended to exclude 'interlocutory judgments' from the reach of the Rule. And, as the Committee Notes explain, that exclusion makes sense."); *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) ("Rule 60(b) grants the district court the power to relieve a party from a '*final* judgment, order, or proceeding.'") (quoting Fed. R. Civ. P. 60(b)); *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 123 (3d Cir. 2004) ("In some instances, the Court of Appeals may not entertain an appeal [from a denial of a Rule 60(b) motion] under section 1291 because the underlying order in the district court is purely interlocutory and, thus, not within the scope of Rule 60(b), which applies only to 'final' judgments and orders.") (quoting *Torres v. Chater,* 125 F.3d 166, 168 (3d Cir. 1997). Orders compelling arbitration are interlocutory and therefore not subject to Rule 60(b). *See Aluminum Co. of Am. v. Beazer E., Inc.*, 124 F.3d 551, 562 (3d Cir. 1997) (stating "there was no final order when the court granted the defendants' motion to compel arbitration, which they had filed in response to the plaintiff's claims for coercive relief."); *Laibow v. Menashe*, Civ. A. No. 19-4549, 2020 WL 6305510, at *1 (D.N.J. Oct. 28, 2020) (holding the order compelling arbitration "cannot serve as the basis" for plaintiff's Rule 60(b) motion because such orders are not final); *Schmell v. Morgan Stanley & Co.*, Civ A. No. 17-13080, 2019 WL 1075551,

at *2 (D.N.J. Mar. 7, 2019) ( "The Court will not address the merits of the Motion because it is procedurally improper. . . . [T]he Court's October 15, 2018 Order compelling arbitration and staying proceedings pending arbitration is not 'final.'"); *Coleman v. CashCall Inc.*, Civ. A. No. 09-2942, 2010 WL 572119, at *2 (D.N.J. Feb. 17, 2010) (explaining "[a]s an initial matter, it is doubtful that an Order compelling arbitration is a final judgment appropriate for reconsideration" when plaintiff filed a Rule 60(b) motion). Likewise, the FAA specifies that, "except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order . . . (2) directing arbitration to proceed under section 4 of this title; (3) compelling arbitration under section 206 of this title." 9 U.S.C. § 16(b). Indeed, "Plaintiffs acknowledge that orders compelling arbitration typically are interlocutory." (ECF No. 86 at 2.)

Since Plaintiffs rest much of their arguments on *Carteret Comprehensive* as well as state their requested relief extends beyond Rule 60(b) exclusively, hinging on the court's inherent power, the Court will still go through the subsequent analysis denying each Rule 60(b) ground and explaining why there has not been an applicable intervening change in law. (*See Id.* at 2–3.) Accordingly, Plaintiffs' Motion to Vacate the order under Rule 60(b) is **DENIED**.

### i.  Rule 60(b)(1)

Plaintiffs argue subsection (b)(1) provides an appropriate basis for vacatur because the Court's order compelling arbitration of the IFPA claim was pursuant to a Third Circuit predictive ruling, which they claim, "has now been shown to be erroneous by the New Jersey Appellate Division's contrary decision in *Carteret Comprehensive*." (ECF No. 81-1 at 10.) As such, Plaintiffs state they will be left with no viable forum if the order stands and contend that under the current circumstances, Rule 60(b)(1) is applicable because:

> [W]hile a predictive ruling by the Third Circuit on an issue of state
> law . . . is generally binding on a district court, it is no longer binding

> if intermediate appellate courts . . . have ruled to the contrary and
> their decisions have not been overruled by the state's highest court.

(*Id.* at 11.)

The Court disagrees with Plaintiffs that there has been a mistake of law, which would allow for Rule 60(b)(1) to substantively apply. For there to be a change in controlling law, the decision must have been "issued by a court whose decisions must be followed and because the facts make the earlier decision indistinguishable from the case now to be decided." *Marshack v. Comm'r of Soc. Sec.*, Civ. A. No. 19-12840, 2021 WL 5923264, at *2 (D.N.J. Dec. 15, 2021) (quoting Controlling Law, Black's Law Dictionary (11th ed. 2019)); *see NVR, Inc. v. Majestic Hills, LLC*, Civ. A. No. 18-1335, 2023 WL 3726895, at *2 (W.D. Pa. May 30, 2023) ("An 'intervening change in controlling law' generally arises when a precedential opinion by a higher court or a statute passed by the legislature alters the law."). As Defendants have argued, and the Court agrees, no intervening change of law has occurred despite the New Jersey Appellate Division decision, and, as such, this Court's obligation to follow the Third Circuit's mandate is still intact.

In general, New Jersey State Appellate Division opinions are usually not binding on this Court. *See In re Makowka*, 754 F.3d 143, 148 (3d Cir. 2014) ("State appellate decisions, however, are not controlling: 'while we may not ignore the decision of an intermediate appellate court, we are free to reach a contrary result if, by analyzing other persuasive data, we predict that the State Supreme Court would hold otherwise.'") (quoting *Gruber v. Owens–Illinois Inc.*, 899 F.2d 1366, 1369 (3d Cir. 1990)); *Navigators Specialty Ins. Co. v. Citizens Ins. Co. of Am.*, 739 F. Supp. 3d 259, 266 (D.N.J. 2024) (holding "lower state court decisions can be a solid data point from which to predict how the highest state court will eventually rule" and citing to other Third Circuit decisions supporting this point); *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 59 F. Supp. 2d 408, 414 (D.N.J. 1999) (explaining although at least two New Jersey Appellate Division

opinions have discussed the legal concept in question, "while instructive, [the Court is] not bound by Appellate Division cases in interpreting state law"). Typically, this Court is only bound by New Jersey Supreme Court rulings because they are the "authoritative source" issuing "controlling decision[s]." *See Navigators Specialty Ins. Co.*, 739 F. Supp. 3d at 265 (quoting *Spence v. ESAB Grp., Inc.*, 623 F.3d 212, 216 (3d Cir. 2010); *Popa v. Harriet Carter Gifts, Inc.,* 52 F.4th 121, 125 (3d Cir. 2022)); *G.E.M.S. Partners LLC v. AmGUARD Ins. Co.*, 742 F. Supp. 3d 410, 413 (D.N.J. 2024) (same). When the Third Circuit issues a predictive decision based on how it expects the state's highest court would rule, lower state court decisions do not automatically overrule the circuit. *See Heindel v. Pfizer, Inc.*, 381 F. Supp. 2d 364, 385–86 (D.N.J. 2004) ("This Court is bound by the Third Circuit's prediction of Pennsylvania law . . . . The decision of the district judge who decided *O'Keefe*, who clearly agreed with neither the Third Circuit's prediction nor the rationale upon which it rested, is not binding on this Court, and, since the Court of Appeals has predicted how the Pennsylvania Supreme Court will rule, the lower (Pennsylvania) courts' decisions are also irrelevant for the purposes of this discussion.") (citing *O'Keefe v. Mercedes–Benz USA, LLC,* 214 F.R.D. 266 (E.D. Pa. 2003)); *Itzkoff v. F & G Realty of New Jersey, Corp.*, 890 F. Supp. 351, 356 (D.N.J. 1995) ("[T]he Court is of course bound by any Third Circuit decisions regarding how the New Jersey Supreme Court would rule.") (citing *Largoza v. General Elec. Co.*, 538 F. Supp. 1164, 1166 (E.D. Pa. 1982)); *see also DeFebo v. Andersen Windows, Inc.*, 654 F. Supp. 2d 285, 294 (E.D. Pa. 2009) ("Despite these seemingly conflicting holdings, this Court is bound by a Third Circuit decision where that court has predicted how the Pennsylvania Supreme Court will decide an issue.").

Plaintiffs correctly argue New Jersey Appellate Division rulings are instructive as to this Court's understanding of New Jersey law, however, such opinions are only controlling under

specific circumstances. *See Robinson v. Jiffy Exec. Limousine Co.*, 4 F.3d 237, 242 (3d Cir. 1993) (explaining a "federal court may consider the decisions of the state's intermediate appellate courts" but "state intermediate appellate decisions are not automatically controlling where the highest court of the state has not spoken"); *see also U.S. Underwriters Ins. Co. v. Liberty Mut. Ins. Co.*, 80 F.3d 90, 93 (3d Cir. 1996) ("The rulings of intermediate appellate courts must be accorded significant weight and should not be disregarded absent a persuasive indication that the highest court would rule otherwise."). In the relevant state case, *Carteret Comprehensive*, the New Jersey Supreme Court has not yet spoken. (*See* ECF Nos. 86 at 11; 89 at 1.) As it stands, "[t]he Supreme Court has not yet considered the petition; it only just started requesting hard copies on April 4, 2025, from the parties involved." (ECF No. 89 at 3.) Given such procedural posture, this Court cannot find the New Jersey Appellate Division's ruling in *Carteret Comprehensive* is finalized enough to be deemed an intervening change in the law necessary for disregarding a circuit mandate since it is yet to be determined whether and what the Supreme Court of New Jersey will decide. *See In re Makowka*, 754 F.3d 143 at 148; *Robinson*, 4 F.3d 237 at 242; *Pharm. Sales & Consulting Corp.*, 59 F. Supp. 2d 408 at 414.

Barring such finality, which is not present here, New Jersey district courts are required to follow the decisions of the Third Circuit on interpretations of state law until a proper intervening change in the law has occurred, *i.e.*, the New Jersey Supreme Court rules otherwise, a New Jersey Appellate Division decision is appropriately the final ruling on state law, or the Third Circuit overrules itself. *See Robinson v. Kia Motors Am., Inc.*, Civ. A. No. 13-006, 2015 WL 5334739, at *8 (D.N.J. Sept. 11, 2015) ("Though a predictive ruling by the Third Circuit [on an issue of state law] is generally binding on the district court, it is no longer binding if intermediate appellate courts have ruled to the contrary and their decisions have not been overruled by the state's highest

court.") (internal quotation and citation omitted); *Doe v. Trustees of the Univ. of Pa.*, 270 F. Supp. 3d 799, 829 (E.D. Pa. 2017) ("[T]he [Third Circuit predictive] decision is binding on the district courts in the Third Circuit until either the *Pennsylvania Supreme Court or the Third Circuit* rules otherwise.") (internal citations omitted) (emphasis added); *Booker v. Lehigh Univ.*, 800 F. Supp. 234, 239 (E.D. Pa. 1992), *aff'd*, 995 F.2d 215 (3d Cir. 1993) ("As a federal district court, we are bound by the rulings from the United States Court of Appeals for the Third Circuit Court, even on matters of state law, unless or until the state's highest court has ruled."); *see also Earl v. NVR, Inc.*, 990 F.3d 310, 314 (3d Cir. 2021) ("'[T]he holding of a panel in a precedential opinion is binding on subsequent panels.'") (quoting Third Circuit I.O.P. 9.1); *id.* ("'[A]lthough a panel of this court is bound by, and lacks authority to overrule, a published decision of a prior panel . . . a panel may reevaluate a precedent in light of intervening authority and amendments to statutes or regulations.") (quoting *Reich v. D.M. Sabia Co.*, 90 F.3d 854, 858 (3d Cir. 1996)); *Poulis v. State Farm Fire & Cas. Co*., 747 F.2d 863, 867 (3d Cir. 1984) ("If the judges of this court are bound by earlier panels, a fortiori district court judges are similarly bound. Recognition of the hierarchical nature of the federal judiciary requires no less."); *Ciba-Geigy Corp. v. Bolar Pharm. Co.*, 747 F.2d 844, 856 n.10 (3d Cir. 1984) ("As a panel of this court, we are obligated to follow a prior panel's construction of New Jersey law and as a panel we cannot reject those views simply because we think the prior case may have been wrongly decided.").

In light of this understanding and the Court not finding an appropriate intervening change in the law, the Third Circuit's mandate compelling arbitration must be upheld. *See E.E.O.C. v. Kronos Inc.*, 694 F.3d 351, 361 (3d Cir. 2012) ("It is axiomatic that on remand for further proceedings after [a] decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal.") (quoting *Bankers Trust Co. v.*

*Bethlehem Steel Corp.,* 761 F.2d 943, 949 (3d Cir. 1985)); *Gov't Emps. Ins. Co. v. Elkholy*, Civ. A. No. 21-16255, 2024 WL 5202550, at *7 (D.N.J. Dec. 23, 2024) ("[District Court] has no power or authority to deviate from the mandate issued [by the Third Circuit].") (quoting *United States v. Kennedy*, 682 F.3d 244, 252 (3d Cir. 2012).

### ii. Rule 60(b)(5)

In the alternative, Plaintiffs claim subsection (b)(5) can be used to vacate the order because applying the order post-*Carteret Comprehensive* would be no longer equitable given the significant change in the law created by the Appellate Decision. (ECF No. 81-1 at 7.) Plaintiffs also argue a decision that upholds the compelled arbitration would be detrimental to the public interest because of the state court decision, especially considering the amicus brief filed in that case by the New Jersey Department of Banking and Insurance (the "NJDOBI") and the New Jersey Attorney General's Office of the Insurance Fraud Prosecutor (the "NJAG-OIFP"). (*Id.* at 12.)

The Court denies relief under such grounds for reasons already detailed in prior sections. *See supra* III.A, III.A.i.

### iii. Rule 60(b)(6)

In the alternative, Plaintiffs claim subsection (b)(6) can be utilized, as "courts in this Circuit hold that an intervening change in controlling law can justify relief from an order under Rule 60(b)(6), provided that there are extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." (ECF No. 81-1 at 14.) Again relying on *Carteret Comprehensive*, Plaintiffs argue allowing the order to stand would create an undue hardship as they would be prevented from litigating the IFPA claim in a viable forum and such a result qualifies as an extraordinary circumstance. (*Id.* at 15.) Plaintiffs also contend such a hardship is unexpected because, before the Third circuit's predictive ruling,

> no federal court or New Jersey appellate court had ever held that IFPA claims could be subject to arbitration, and . . . every federal District Court to have considered the issue, including this Court, had held . . . that IFPA claims are inarbitrable as a matter of New Jersey law.

(*Id.*)

The Court denies relief under such grounds for reasons already previously detailed in prior sections. *See supra* III.A, III.A.i.

### B.  Rule 41(a)(2)

Plaintiffs argue that if the Court does not agree Rule 60(b) relief is warranted, in the alternative, the Court should permit GEICO to dismiss this action without prejudice pursuant to Rule 41(a)(2). (ECF No. 81-1 at 17.) Plaintiffs rely heavily on the already discussed *Carteret Comprehensive* decision, maintaining that case negates the normally binding effect of the Third Circuit's mandate, because it renders "IFPA claims [as] inarbitrable and [they] must proceed in Court." (*Id*; ECF No. 86 at 7–8.) Plaintiffs contend all factors under this Rule weigh toward granting a voluntarily dismissal as: (1) the parties will not face much duplicative expenses if the case were dismissed and GEICO were to file a new case against Defendants in New Jersey state court since no substantive discovery has taken place; (2) the Defendants "have have not exerted any effort or incurred any expense in preparing for trial; (3) the case has not progressed beyond its early stages; (4) and "Plaintiffs were diligent in bringing this motion and their rationale is sound" because it avoids "an unjust result" considering they "will be left with no viable forum to litigate their otherwise well-pleaded IFPA claim" if dismissal is not granted. (ECF No. 81-1 at 18–20.)

Defendants take the opposite viewpoint and claim Plaintiffs are asking "the Court to flout the Third Circuit's Mandate with the purpose of allowing GEICO to forum shop." (ECF No. 85 at 19.) They state no intervening change in law has occurred and provide case law in support of the contention that a Rule 41(a) dismissal cannot be used to circumvent FAA § 3. (*Id.* at 20.)

Defendants also deny Plaintiffs' characterization of the case as "GEICO filed the case years ago, the parties engaged in motion practice, [] the matter went to the Third Circuit which reversed . . . [and] Defendants have expended substantial time and expense to litigate this case already, which also weighs heavily against dismissal." (*Id.* at 21.) Additionally, Defendants request GEICO be ordered to pay Defendants' attorney's fees and costs if the Court were to grant dismissal. (*Id.*)

The Court does not view this case as one warranting the use of its discretion to grant voluntary dismissal as Plaintiffs will not face manifest injustice or inequity, but the Defendants would face substantial prejudice. *See In re Paoli R.R. Yard PCB Litig.*, 916 F.2d at 863; *Morano*, 2015 U.S. Dist. LEXIS 76510, at *9. As already explained, the Court does not find an intervening change in law has yet occurred and the Third Circuit's mandate is firm. *See supra* III.A, III.A.i; *see also Elkholy*, 2024 WL 5202550, at *7 ("To permit Plaintiffs to now dismiss their Arbitrable Claim after the Third Circuit directed this Court to compel arbitration of that claim would be in direct conflict with the Third Circuit's mandate. . . . The District Court shall compel the [Plaintiffs'] IFPA claim[] to be arbitrated.") (internal quotation and citation omitted). Plaintiffs, however, seemingly ignore that "a [District Court] has no power or authority to deviate from the mandate issued by [the Third Circuit]." *United States v. Kennedy*, 682 F.3d 244, 252 (3d Cir. 2012) (collecting cases).

Similarly, the Court does not find that "a separate reason to dismiss, unrelated to the fact that an issue in the case is subject to arbitration" exists in the manner Plaintiffs allege, which allow for circumventing the FAA. *See Smith v. Spizzirri*, 601 U.S. 472, 476 n.2 (2024). Plaintiffs claim their motion to dismiss the entire action under Rule 41(a)(2) qualifies as this unrelated, separate reason to dismiss, but it is evident Plaintiffs are arguing against arbitration given the extensive briefing on *Carteret Comprehensive* and their statements claiming arbitration now cannot happen.

(*See* ECF No. 86 at 10.) The Supreme Court was clear in its interpretation of the FAA not allowing dismissal when arbitration has been ordered by stating:

> Respondents also suggest that, notwithstanding the statutory language, district courts retain inherent authority to dismiss proceedings subject to arbitration. This attempt to evade the plain meaning of the text also falls short. Even assuming district courts have this inherent authority, "the inherent powers of the courts may be controlled or overridden by statute or rule." Degen v. United States, 517 U.S. 820, 823, 116 S.Ct. 1777, 135 L.Ed.2d 102 (1996). Section 3 does exactly that. It overrides any discretion a district court might otherwise have had to dismiss a suit when the parties have agreed to arbitration.

*Spizzirri*, 601 U.S. at 476–77. As such, § 3 of the FAA would appear to inhibit this Court's ability to dismiss the case at this juncture.

Plaintiffs, however, counter this argument applying the FAA by contending *Carteret Comprehensive* makes "clear that application of the FAA to Plaintiffs' IFPA claim would in fact invalidate, impair, or supersede various provisions of the IFPA," which means their IFPA claim is reverse-preempted pursuant to the McCarran-Ferguson Act. (ECF Nos. 81 at 4 n.2; 86 at 9–10.) Plaintiffs rely exclusively on *Carteret Comprehensive* in making this claim of preemption. (*See id.*); *Carteret Comprehensive*, 330 A.3d at 375–76 ("As an alternative ground, the Third Circuit also concluded that GEICO's Fraud Act claims were subject to arbitration under GEICO's DPR Plan and the related assignment of benefits form . . . As we have already discussed, we have construed the arbitration called for in the DPR Plans and assignment contracts, which are authorized by the regulations of AICRA, to be only as broad as PIP arbitration under AICRA. We believe this is a question of state law and, therefore, is not an issue controlled by federal law. As we have already analyzed, the FAA allows states to regulate arbitration agreements and construe them in accordance with state law.") (citing *Gov't Emps. Ins. Co.*, 98 F.4th at 470–71; *Atalese v. U.S. Legal Services Group, L.P.*, 219 N.J. 430, 441 (2014)). While the FAA might ultimately be

reverse-preempted by such an interpretation of New Jersey state law, the New Jersey Appellate Division did not explicitly decide this. Instead, it made clear the plans at question in that case, which were between a different insurer than GEICO, Allstate, who is a nonparty to the current matter, did not allow for arbitration under state law. *See Carteret Comprehensive*, 330 A.3d at 374 ("Here, the New Jersey state contract interpretation issue is whether the *arbitration provisions in Allstate's DPR Plans*, and related assignment of benefits contracts, are broader than the PIP arbitration established by AICRA. We hold, as a matter of state law, that *they are not* because the DPR Plans expressly stated that the arbitration is to be '[s]ubmit[ted] to alternative dispute resolutions pursuant to N.J.A.C. 11:3.'") (emphasis added); *id.* at 375–376. As previously explained, the same issue of persuasiveness versus binding authority by a state court applies and since this Court does not find the New Jersey Appellate Division decision currently binding, the Third Circuit's interpretation of state law still holds. *See supra* III.A, III.A.i.

Moreover, other grounds exist for denying the Rule 41(a)(2) motion and it is within the discretion of the Court to grant or deny the motion, making the decision to deny irrespective of whether the FAA's application has now been preempted. In determining whether a voluntary dismissal would likely result in prejudice to the defendant, considered factors are the "'the expense of a second litigation, the effort and expense incurred by a defendant in preparing for trial in the current case, the extent to which the current case has progressed, and plaintiff's diligence in bringing the motion to dismiss.'" *Sporn v. Ocean Colony Condo. Ass'n*, 173 F. Supp. 2d 244, 255 (D.N.J. 2001) (quoting *Palmer v. Security National Bank,* 2001 WL 877584, at * 1 (E.D. Pa. June 13, 2001)). Although this case is not yet at the preparing for trial phase, it has been an active matter since August 8, 2022 (ECF No. 1) and there has been much motion practice by both Plaintiffs and Defendants. Indeed, multiple decisions have been rendered by this Court in the past three years

and a critical appeal already decided by the Third Circuit.

As such, this Court does not find a dismissal could occur on proper terms and the prejudice Defendants would face goes beyond the mere prospect of a second lawsuit. *See* Fed. R. Civ. P. 41(a)(2); *Carroll*, 893 F.3d at 145–46; *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d at 863. In particular, Defendants' arguments against allowing Plaintiffs to forum shop, regarding the amount of time and expense invested in this case, and lastly on the procedural history of the matter all tilt in favor of denying the dismissal. *See Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 842–43 (3d Cir. 2014); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364 (4th ed. 2008) ("The purpose of the Rule 41(a)(2) grant of discretion that permits the district judge to consider whether dismissal is appropriate under the circumstances 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions' . . . . It follows from the foregoing that in exercising its discretion under Rule 41(a)(2), the trial court will consider the amount of expense that has been incurred prior to the motion and any inconvenience that might be imposed on the defendant. Thus, a judge is likely to deny a Rule 41(a)(2) dismissal request if the defendant would be prejudiced seriously by granting it and unlikely to grant it absent prejudice.") (quoting *Alamance Industries, Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961). Plaintiff's only response to Defendants' arguments against dismissal is targeted at denying the fee request when stating the case has "not progress[ed] past the pleading stage, and it was Defendants – not Plaintiffs – who elected to spend time and resources trying to compel arbitration of an IFPA claim that has now been held by the Appellate Division to be inarbitrable as a matter of New Jersey law." (ECF No. 86 at 10.)

Accordingly, Plaintiffs' Alternative Motion for Dismissal is **DENIED** and Defendants' request for attorney's fees is **DENIED** as moot.

19

## C.  28 U.S.C. § 1292(b)

Plaintiffs argue if the Court does not agree Rule 60(b) relief or Rule 41(a)(2) dismissal is warranted, in the alternative, the Court should certify an order pursuant to § 1292(b) permitting them to apply to the Third Circuit for an interlocutory appeal. (ECF No. 81 at 21.) They contend that any decision by this Court denying their motion involves multiple controlling questions of law, such as whether "the Third Circuit's mandate to compel arbitration of Plaintiffs' IFPA claim remains binding, whether IFPA claims are inarbitrable as a matter of New Jersey law, and whether the extraordinary circumstances presented by this case are sufficient to obtain Rule 60(b) relief or an order dismissing this action without prejudice." (*Id.*) Plaintiffs also claim, "there are clearly substantial grounds for difference of opinion regarding the correct resolution of these questions." (*Id.*) Plaintiffs then go on to detail previously discussed arguments on how *Carteret Comprehensive* is an intervening change of law, should be held as binding on this Court, and renders the Third Circuit's predictive ruling and subsequent mandate void. (*Id.* at 21–23.) Plaintiffs' final argument is "an immediate appeal would materially advance the ultimate termination of the litigation." (*Id.* at 24.)

Defendants state there is no basis for this Court to certify an interlocutory appeal under § 1292(b). (ECF No. 85 at 23.) As an initial contention, they argue the Court should deny the motion even if there would be merits to such an appeal since "even if all three criteria are met, certification is not mandatory, rather, it is wholly discretionary." (*Id.* at 24) (quoting *Valeant Pharms. Int'l, Inc. v. AIG Ins. Co. of Canada*, Civ. A. No. 18-493, 2023 WL 113959, at *2 (D.N.J. Jan. 5, 2023) (citing *Juice Ent., LLC v. Live Nation Ent., Inc.*, 353 F. Supp. 3d 309, 312 (D.N.J. 2018)).) As a threshold matter, Defendants also claim the Court should not even adjudicate the motion because GEICO has moved to vacate the arbitration order under Rule 60(b), which is

procedurally improper in the first instance and means "the Court cannot certify an order denying a Rule 60(b) motion for interlocutory review." (*Id.* at 24.) As for the three considerations analyzed when determining whether to certify an order for interlocutory appeal, Defendants state such an action would not materially advance the litigation, Plaintiffs' motion does not present controlling questions of law, and there are no substantial grounds for a difference of opinion on the questions. (*Id.* at 24–29.)

Plaintiffs reply, but simply repeat the same arguments regarding *Carteret Comprehensive* and contend Defendants' arguments lack merit. (ECF No. 86 at 11.)

The Court disagrees with Plaintiffs that certifying an order for interlocutory appeal would be appropriate at this stage. While the question of whether IFPA claims can be arbitrated is certainly controlling here, this is exactly what the Third Circuit has already ruled on. Since this Court has already determined there is no intervening change in law binding on this Court or which would allow it to disregard the mandate, there is no presently controlling question of law that is ripe for appeal. *See supra* III.A, III.A.i. Likewise, the Third Circuit is bound by its previous decision unless an intervening change in the law has occurred, and without the Supreme Court of New Jersey having affirmed or reversed the Appellate Division, there does not appear to be any substantial ground for a difference of opinion as the Third Circuit would be required to uphold its prior opinion. *Id.* Plaintiffs argue "there can be no serious doubt that – if the Third Circuit had the benefit of the Appellate Division, NJDOBI, and NJAG-OIFP's views at the time when it rendered the Mount Prospect decision – the decision would have come out differently." (ECF No. 86 at 11.) Even if this was true, the Third Circuit cannot now disregard its previous ruling. *See supra* III.A, III.A.i.

Since certifying an interlocutory appeal should be done "sparingly" and "only in

'exceptional circumstances' that justify a departure from the basic policy of postponing review until the entry of the final order," this Court is exercising its discretion in denying the motion. *Fiscus*, 2006 WL 2845736, at *1 (citing *Hulmes*, 936 F. Supp. at 208); *see Bachowski*, 545 F.2d at 368 ("Permission to appeal is wholly within the discretion of the courts."); *see also Riddick*, 669 F. App'x at 613 n.2 (citing *Forsyth*, 599 F.2d at 1208) (finding an order denying a request to certify questions for appeal was unreviewable).

Accordingly, Plaintiffs' Alternative Motion for Certification of an Order for Interlocutory Appeal is **DENIED**.

### D. Request to Hold Motion in Abeyance and Administratively Terminate this Action

For the first time in its Reply, Plaintiffs argue if "this Court has any doubt as to the state of New Jersey law regarding arbitrability of IFPA claims, the better course would be to hold this motion in abeyance, and administratively terminate this action, until the New Jersey Supreme Court decides how to handle the petition by the *Carteret* appellants." (ECF No. 86 at 11.) As Defendants state in their Sur-Reply (ECF No. 89 at 1 n.1), "[a]rguments raised for the first time in a reply brief are not properly before the Court and need not be considered." *Tormasi v. Lanigan*, 363 F. Supp. 3d 525, 540 n.7 (D.N.J. 2019) (citing *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015).

Accordingly, the Court denies this request.

### IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Vacate, for Dismissal, or for Certifying

an Order for Interlocutory Appeal (ECF No. 81) is **DENIED**. An appropriate order follows.

_/s/ Brian R. Martinotti_
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: July 18, 2025