<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO., <br><br> Plaintiffs, <br><br> v. <br><br> CARING PAIN MANAGEMENT PC a/k/a CAREON PAIN MANAGEMENT, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-05017 (BRM) (JSA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants Caring Pain Management PC a/k/a Careon Pain Management and Jinghui Xie, M.D.'s ("Defendants" or "Caring Pain Defendants") Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b). (ECF No. 74.) Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s ("Plaintiffs" or "GEICO") filed an Opposition (ECF No. 82), and Defendants filed a Reply (ECF No. 84). Having reviewed and considered the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Defendants' motion is **GRANTED**.

**I.   BACKGROUND**

The factual and procedural background of this matter are well known to the parties, but to recount, this case is about the relationship between New Jersey healthcare providers and the

1

insurance companies that pay those providers for treating patients for injuries arising from automobile accidents. Plaintiffs have alleged a series of fraudulent schemes, including unlawful compensation in exchange for patient referrals, misrepresentation of the nature, extent, and results of patient examinations, and false representation regarding compliance with pertinent healthcare laws. (*See* ECF No. 17 at 1–5.) Defendants claim this case is about Plaintiffs' attempts to accumulate settlement payments through specific litigation accusing the healthcare professionals of fraud. (*See, e.g.*, ECF No. 16-1 at 1.)

On October 28, 2022, Defendants filed a Motion to Dismiss and Compel Arbitration. (*Id.*) On May 31, 2023, the Court issued an Opinion (ECF No. 38) and Order (ECF No. 39) granting in part and denying in part that motion. The Court granted Defendants' motion as to Plaintiffs' common law fraud, RICO, and unjust enrichment claims in favor of arbitration, while denying the motion as to Plaintiffs' claims under New Jersey's Insurance Fraud Prevention Act ("IFPA"), N.J. Stat. Ann. §§ 17:33A-1 to -30. (*Id.*) On June 3, 2023, Defendants filed a Notice of Interlocutory Appeal. (ECF No. 41.) On June 6, 2023, the case was docketed by the Third Circuit (*GEICO, et al. v. Caring Pain Management PC, et al.*, C.A. Dkt. No. 23-2019, ECF No. 1), and, on September 12, 2023, the appeal was consolidated with two other similar matters for purposes of disposition (*id.*, ECF No. 22). On January 18, 2024, the appeal was argued before the Third Circuit. (*Id.*, ECF No. 48.) On April 15, 2024, this Court received the Third Circuit's Judgment as to the appeal, which reversed the prior denial of the motion to compel arbitration of the IFPA claims and remanded for further proceedings. (ECF No. 46.) On May 7, 2024, the Third Circuit issued a Mandate ordering this Court to compel arbitration of the IFPA claim. (ECF No. 48.) On May 8, 2024, this Court issued an Order on Mandate compelling the arbitration of the IFPA claim and staying the case against Defendants pending arbitration. (ECF No. 50.)

On January 23, 2025, Plaintiffs submitted a letter motion requesting a Stay of Obligation to Arbitrate IFPA Claim. (ECF No. 65.) On the same day, Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 41(b). (ECF No. 66.) On January 31, 2025, the Court issued a Text Order stating: "In light of the Third Circuit's mandate that arbitration be compelled, Plaintiffs' letter request to stay the mandate is DENIED. Accordingly, Defendant's motion is administratively terminated as moot." (ECF No. 73.) On February 1, 2025, Defendants filed a new Motion to Dismiss under Fed. R. Civ. P. 41(b). (ECF No. 74.) On March 03, 2025, Plaintiffs filed a Motion to Vacate (ECF No. 81) the prior mandated Order compelling arbitration of the IFPA claim (ECF No. 50). In the alternative, Plaintiffs motioned for a voluntary dismissal or for this Court to certify an interlocutory appeal. (ECF No. 81.) On March 3, 2025, Plaintiffs filed an Opposition to the pending Motion to Dismiss (ECF No. 82), and on March 9, 2025, Defendants filed a Reply (ECF No. 84). On April 14, 2025 (ECF No. 92), and on June 23, 2025 (ECF No. 98), Plaintiffs filed letters providing additional supplemental authority, specifically, New Jersey Appellate Division cases decided post-briefing.[1] On July 18, 2025, the Court denied Plaintiffs' Motion to Vacate on all grounds as well as denied both of their alternative requests. (ECF Nos. 99, 100.) On July 21, 2025, Plaintiffs submitted a letter, which constitutes an impermissible sur-reply, requesting the Court hold the Rule 41(b) Motion in abeyance pending the New Jersey Supreme Court's granting

---

[1] Plaintiffs provided the Court with summary disposition orders in *Allstate Insurance Company, et al. v. Robert Matturro, D.C., et al.*, N.J. App. Div. Dkt. No. A-001224-24T2 (April 7, 2025) and *Allstate Insurance Company, et al. v. Samuel S. Davit, et al.*, N.J. App. Div. Dkt. No. A-000239-24T2 (May 20, 2025) as further instances where the New Jersey Appellate Division held PIP billing is not subject to arbitration by citing to *Allstate New Jersey Ins. Co. v. Carteret Comprehensive Med. Care, P.C.*, 330 A.3d 361 (N.J. App. Div. 2025). *Carteret Comprehensive* is the primary case Plaintiffs rested their recently denied Motion to Vacate arguments on and have cited extensively in the current Opposition as to why the Court should deny the pending Motion to Dismiss. For reasons discussed in the Court's prior opinion, the additional New Jersey Appellate Division decisions do not impact this Court's analysis. (*See* ECF No. 99.)

of certification of *Allstate New Jersey Ins. Co. v. Carteret Comprehensive Med. Care, P.C.*, 330 A.3d 361 (N.J. App. Div. 2025). (ECF No. 101.) *See* L. Civ. R. 7.1(d)(6). On the same day, Defendants filed a letter in response to Plaintiffs' submission. (ECF No. 102.) On August 8, 2025, Defendants filed a letter providing a recent, pertinent case as additional supplemental authority, *Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, Civ. A. No. 22-cv-00737, 2025 WL 2218218 (D.N.J. Aug. 5, 2025).[2] (ECF No. 103.)

## II. LEGAL STANDARD

### A. Rule 41(b)

Dismissal of a complaint may be appropriate under Rule 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

Typically, when a court dismisses a case for failure to prosecute pursuant to Rule 41(b), the court employs a six-factor balancing test set forth by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), considering: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claims or defenses. *Id.* at 868. No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019). The Third

---

[2] Notably, that Court in this District denied GEICO's motion for vacatur under Rule 60(b), dismissal under Rule 41(a)(2), and certification for appeal under 28 U.S.C. § 1292(b), agreeing with this Court's own opinion denying such relief. *Mount Prospect*, 2025 WL 2218218, at *6–9. The Court there also granted that set of defendants' motion to dismiss under Rule 41(b) for similar reasons discussed by this Court *infra*. *Mount Prospect*, 2025 WL 2218218, at *9–10.

4

Circuit has noted "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis*, 747 F.2d at 866. However, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Phila.*, 47 F.3d 1311, 1330 (3d Cir. 1995). Failure to prosecute does not require a party to affirmatively delay the case. Failing to comply with court orders, failing to respond to discovery, or otherwise failing to act may constitute lack of prosecution. *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 875 (3d Cir. 1994).

### III. DECISION

#### A. Rule 41(b)

Defendants argue GEICO has failed to obey this Court's mandated order compelling arbitration, going as far as to claim GEICO deems arbitration a "waste of time." (ECF No. 74-1 at 1, 5.) Defendants contend when a plaintiff refuses to comply with an order compelling arbitration, the district court can dismiss a plaintiff's claims with prejudice under Rule 41(b). (*Id.* at 4 (citing *R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661–62 (3d Cir. 2022).) Defendants state GEICO has failed to comply with two orders of this Court, specifically the arbitration of the non-IFPA claims and the arbitration of the IFPA claims after the Third Circuit issued its Mandate. (*Id.* at 5.) Defendants emphasize at the time this Motion was filed, GEICO had already disregarded the initial arbitration order for nearly twenty months and the mandated arbitration order for roughly eight-and-a-half months. (*Id.*)

Plaintiffs argue in opposition that Defendants' Motion lacks merit and should be denied. (ECF No. 82 at 1.) In the alternative, Plaintiffs request the Court grant the relief requested in their Motion to Vacate (ECF No. 81), which was recently denied by this Court (*id.*; *see* ECF Nos. 99, 100). Plaintiffs state Defendants' Motion is "manifestly unjust, inequitable, and prejudicial to

Plaintiffs' right to proceed on their otherwise well-pleaded IFPA and related insurance fraud claims." (ECF No. 82 at 1.) Plaintiffs rest most of their arguments against their case being dismissed on *Carteret Comprehensive*, providing the exact same rationale as in their now-denied Motion to Vacate as to why the Third Circuit's Mandate should be considered abrogated or nonbinding on this Court. (*Id.* at 3–9; *see* ECF Nos. 81, 86.) Plaintiffs address the substance of the current Motion and state, "the *Poulis* factors weigh against dismissal with prejudice, especially considering that the resolution of any doubts must be in favor of adjudication on the merits," however, their analysis of the factors are still rooted in *Carteret Comprehensive*. (ECF No. 82 at 10; *see id.* at 10–14.) Plaintiffs lastly refute Defendants' characterization of their failure to comply with this Court's Orders compelling arbitration as they claim the Court did not "compel" them to arbitrate the RICO, fraud, unjust enrichment, and declaratory judgment claims, but simply dismissed them on the basis that that they were arbitrable. (*Id.* at 14.) Plaintiffs also argue *Carteret Comprehensive* "not only held that IFPA claims are inarbitrable as a matter of New Jersey state law, but also held that other complex fraud claims rooted in tort law (like Plaintiffs' RICO, fraud, and unjust enrichment claims) likewise are inarbitrable as a matter of New Jersey law." (*Id.* at 15 (citing *Carteret Comprehensive Med. Care, P.C.*, 330 A.3d 361).)

      In their Reply, Defendants state GEICO's Opposition "confirms beyond a shadow of a doubt that GEICO has no intention to comply with the Third Circuit's [M]andate and the Court's orders compelling arbitration." (ECF No. 84 at 1.) They contend that *Carteret Comprehensive*, a state intermediate appellate court decision, does not free GEICO from needing to comply with this Court's Order to arbitrate. (*Id.*) Defendants likewise characterize GEICO's excuse for not arbitrating as pretextual since GEICO refused to arbitrate any claims even before the state court decision was issued. (*Id.*) Defendants also argue the *Poulis* factors do not apply since governing

Third Circuit case law states "a district court need not balance the Poulis factors before dismissing a case with prejudice when a litigant willfully refuses to prosecute after receiving an adverse ruling." (*Id.* at 2 (quoting *R & C Oilfield*, 45 F.4th 655 at 661).) Defendants further claim this Court need not go through a *Poulis* factor analysis because there, as here, "the plaintiff deliberately did not arbitrate as ordered, [and so] the district court 'did not need to evaluate the *Poulis* factors.'" (*Id.* (quoting *R & C Oilfield*, 45 F.4th 655 at 662 n.8).)

In terms of Plaintiffs' arguments as to why *Carteret Comprehensive* should absolve this Court of the Third Circuit's Mandate, the Court has already addressed why this is not appropriate in its most recent opinion.[3] (*See* ECF No. 99.) Although Plaintiffs have stated the New Jersey Supreme Court has now granted certification (ECF No. 101), nothing has changed in the interim regarding the finality of *Carteret Comprehensive*, which means this Court's prior analysis remains unaffected and applies just the same to the Motion currently before it. (*See* ECF No. 99.) Accordingly, Plaintiffs' continued reliance on *Carteret Comprehensive* fails to prove why this case should not be dismissed under Rule 41(b).

"[A] district court need not balance the *Poulis* factors before dismissing a case with prejudice when a litigant willfully refuses to prosecute after receiving an adverse ruling. *R & C Oilfield*, 45 F.4th at 661 (citing *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994) ("A party disappointed with a court's ruling may not refuse to proceed and then expect to obtain relief on

---

[3] To briefly summarize, the Court recently held no appropriate intervening change in the law has yet occurred since the New Jersey Appellate Division decision, which is not yet finalized given the current ongoing appeal to the New Jersey Supreme Court, cannot be deemed a sufficient, controlling decision that allows for this Court to disregard the Third Circuit's Mandate. *See Gov't Emps. Ins. Co. v. Caring Pain Mgmt. PC*, Civ. A. No. 22-05017, 2025 WL 2017255, at *5–6 (D.N.J. July 18, 2025).

appeal from an order of dismissal or default.")). Indeed, Plaintiffs do appear to confirm their refusal to arbitrate by stating:

> Plaintiffs have an excellent explanation for why they have not proceeded with arbitration of the IFPA claim: As a matter of New Jersey law – and as recently confirmed by the *Carteret Comprehensive* decision – Plaintiffs cannot proceed with arbitration of the IFPA claim, because New Jersey state law IFPA claims are inarbitrable as a matter of New Jersey law.

(ECF No. 82 at 9.) As the Court has already explained in its prior opinion (ECF No. 99) denying the Motion to Vacate and all alternative requests therein (ECF No. 81), this Court remains bound by the Third Circuit's Mandate, which in turn necessitates Plaintiffs to comply with the arbitration order. As such, Plaintiffs' willful refusal to arbitrate appears to make adjudication impossible and provides grounds for dismissal under *R & C Oilfield* and Rule 41(b). *See R & C Oilfield*, 45 F.4th at 661 ("In its opposition to American Wind's Rule 41 motion to dismiss, R&C simply repeated that it believed the arbitration clause was unenforceable and expressed concerns about the expense and futility of arbitration. R&C's belief and concern, however, does not excuse it from either complying with the order or promptly seeking review. *See* 9 U.S.C. § 16. It did neither. The Court, therefore, soundly exercised its discretion in dismissing this case."); *Mount Prospect*, 2025 WL 2218218, at *10 ("GEICO remains under an active order to arbitrate all of its claims . . . [and] GEICO's asserted basis for its refusal to arbitrate, *Carteret*, does not invalidate that order. GEICO also offers no reason for failing to initiate arbitration during the period of over seven months between entry of the [] Arbitration Order and the *Carteret* decision. Here, as in *R & C Oilfield*, a litigant is 'willfully refus[ing] to prosecute after receiving an adverse ruling,' 45 F.4th at 661, and dismissal is warranted. If GEICO continues to refuse to comply with court orders, dismissal would not be 'manifestly unjust, inequitable, and prejudicial to Plaintiffs' right to proceed' on their claims . . . [since] GEICO availed itself of the courts by filing this action, and it cannot choose to exempt

8

itself from properly entered court orders. *GCIU Emp. Ret. Fund v. Chicago Trib. Co.*, 8 F.3d 1195, 1198 (7th Cir. 1993) ('Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court . . . .')"); *Mathieu v. Citibank, N.A.*, Civ A. No. 22-4871, 2025 WL 1666803, at *2 (D.N.J. May 15, 2025), *report and recommendation adopted*, Civ. A. No. 22-4871, 2025 WL 1666725 (D.N.J. June 12, 2025) ("The Third Circuit has approved dismissal of a complaint for failure to prosecute when plaintiff fails to comply with an order directing a party to arbitrate a claim." (citing *R & C Oilfield*, 45 F.4th at 661)); *see also R & C Oilfield*, 45 F.4th at 659 (recapping the district court's weighing of *Poulis* factors such as R&C's sole responsibility for the delay, refusal to arbitrate for seventeen months, and willful refusal); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) ("Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not [sic] decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'") (internal citations omitted).

Given GEICO's refusal to arbitrate the IFPA claim despite being ordered to do so pursuant to the Third Circuit's Mandate roughly thirteen months ago (ECF No. 50), Defendants' Motion as to the IFPA claim is granted. However, the dismissal will be without prejudice.[4] The Court had

---

[4] In light of the circumstances surrounding this case, *i.e.*, the appeal to the New Jersey Supreme Court, the Court finds it appropriate to use its discretion and dismiss the claim without prejudice. *See Poulis*, 747 F.2d at 867–68 ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, [*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)], and are to be reserved for comparable cases."). Additionally, since the Court finds Plaintiffs' reliance on *Carteret Comprehensive* and willful refusal to arbitrate make adjudication impossible on the IFPA claim, a *Poulis* factor analysis is not necessary for the Court to grant the dismissal without prejudice. *See Ho v. Lower Merion Sch. Dist.*, Civ. A. No. 23-1259, 2024 WL 1007453, at *2 n.5 (3d Cir. Mar. 8, 2024) ("While Ho and his parents argue for the first time in their reply brief that the District Court erred by failing to consider the *Poulis* factors, *see Poulis v. State Farm Fire &*

9

previously granted Defendants' motion to dismiss (ECF No. 16) regarding "Plaintiffs' common law fraud, RICO, and unjust enrichment claims in favor of arbitration." (ECF No. 39). As such, those claims are no longer before this Court to dismiss with prejudice as Defendants request.

Accordingly, Defendants' Motion to Dismiss is **GRANTED** with respect to the IFPA claim.

### B. Request to Hold Motion in Abeyance Pending New Jersey Supreme Court Review

For the first time in its Sur-Reply, Plaintiffs request "that the Court should hold the Rule 41(b) motion in abeyance pending the New Jersey Supreme Court's review of the New Jersey Appellate Division's decision." (ECF No. 101 at 1.) Plaintiffs cite to *Government Employees Ins. Co. v. Natale*, Civ. A No. 23-02338, at ECF Nos. 111, 118, and *Government Employees Ins. Co. v. Menkin*, Civ. A. No. 23-02184, at ECF No. 81, as support, and assert "various other Courts in this District have likewise found it prudent to defer consideration of similar motions involving the arbitrability of IFPA claims pending the New Jersey Supreme Court's decision in *Carteret Comprehensive*." (ECF No. 101 at 2.) As Defendants point out, those cases were administratively terminated and stayed pending further proceedings in the state case in response to those defendants' respective Motions to Compel Arbitration and Plaintiffs' Motions to Stay Arbitration.

---

*Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), in dismissing for failure to prosecute, that analysis is not required where a litigant makes adjudication impossible, *R & C Oilfield Servs.*, 45 F.4th at 661."); *see also id.* at *2 ("The District Court dismissed the action for lack of prosecution because the parents failed to obtain counsel for their son and insisted on representing him themselves, *which it told them they could not do*. Regardless whether the parents now want to bring claims on their own behalf, *they still failed to comply with the Court's order and thus put in play a dismissal for failure to prosecute*.") (emphasis added); *see also Mount Prospect*, 2025 WL 2218218, at *10 n.11 (holding since GEICO has willfully refused to arbitrate, "this Court need not consider the *Poulis* factors. [45 F.4th at 661]. Even if it did, many of them, including 'the extent of the party's personal responsibility,' 'prejudice to the adversary,' 'history of dilatoriness,' and 'meritoriousness of the claim or defense,' *Poulis*, 747 F.2d at 868 (emphasis omitted), would weigh in the [defendants'] favor. GEICO is unilaterally responsible for the delay in beginning arbitration, and the [defendants] have invested significantly in this case. GEICO's history of dilatoriness extends over a year, including over seven months before *Carteret* was even decided. GEICO's stated reason for refusing to arbitrate is also meritless, as controlling law holds that its claims must be arbitrated.").

10

(ECF No. 102 at 2.) Such references to similar pending cases are unavailing to this Court as the Court has repeatedly denied Plaintiffs' motions and arguments against the compelled arbitration. (*See* ECF Nos. 73, 100.) Likewise, in the matter that is before this Court, Plaintiffs have proceeded to engage in substantial motion practice fighting the arbitration order as opposed to the referenced cases in this District where the stays were administratively entered shortly after the *Carteret Comprehensive* decision was published. Moreover, "[a]rguments raised for the first time in a reply brief are not properly before the Court and need not be considered." *Tormasi v. Lanigan*, 363 F. Supp. 3d 525, 540 n.7 (D.N.J. 2019) (citing *Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015)).

Accordingly, Plaintiffs' request is denied.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 74) is **GRANTED** as to the remaining IFPA claim still before this Court. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** with respect to the IFPA claim. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: August 12, 2025