<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY and GEICO CASUALTY CO., <br><br> Plaintiffs, <br><br> v. <br><br> CARING PAIN MANAGEMENT PC a/k/a CAREON PAIN MANAGEMENT, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-05017 (BRM) (JSA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants Caring Pain Management PC a/k/a Careon Pain Management and Jinghui Xie, M.D.'s ("Defendants" or "Caring Pain Defendants") Motion for Reconsideration ("Motion") (ECF No. 106) of the Court's Order ("Order") (ECF No. 105) issued on August 12, 2025. Defendants filed this Motion on August 21, 2025 (ECF No. 106), and Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s ("GEICO") filed an Opposition on September 2, 2025 (ECF No. 107). Having reviewed and considered the parties' submissions filed in connection with this motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Motion for Reconsideration (ECF No. 106) is **DENIED**.

I. **BACKGROUND**

The factual and procedural background of this matter are well known to the parties and were previously detailed in the Court's Opinion on August 12, 2025. (*See* ECF No. 104.) Accordingly, the Court will only briefly recount such information relevant to this Motion.

On February 1, 2025, the Caring Pain Defendants moved under Fed. R. Civ. P. 41(b) to dismiss the case with prejudice. (ECF No. 74.) On March 3, 2025, GEICO moved for various forms of relief, including dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (ECF No. 81.) The Caring Pain Defendants opposed. (ECF No. 85.) The Court denied GEICO's Motion for a Voluntary Dismissal on July 18, 2025. (ECF No. 99; ECF No. 100.) On July 21, 2025, GEICO submitted a letter requesting the Court hold Caring Pain Defendant's Motion in abeyance pending the New Jersey Supreme Court's granting of certification of *Allstate New Jersey Ins. Co. v. Carteret Comprehensive Med. Care, P.C.*, 330 A.3d 361 (N.J. App. Div. 2025), *cert. granted*, A-74/75/76-24 (N.J. July 8, 2025).[1] (ECF No. 101.) *See* L. Civ. R. 7.1(d)(6). On the same day, the Caring Pain Defendants filed a letter in response to GEICO's submission. (ECF No. 102.) The Court granted the Caring Pain Defendants' motion to dismiss the New Jersey Insurance Fraud Prevention Act ("IFPA") claim without prejudice and closed the case on August 12, 2025. (ECF No. 104; ECF No. 105.)

The Caring Pain Defendants filed a Motion for Reconsideration on August 21, 2025 (ECF No. 106), and GEICO filed an opposition on September 2, 2025. (ECF No. 107).

---

[1] In *Carteret Comprehensive*, the Appellate Division held that New Jersey Insurance Fraud Prevention Act claims are inarbitrable. 330 A.3d at 375–76. The Appellate Division considered but ultimately rejected the Third Circuit's decision holding that IFPA claims are arbitrable. *Id.*; *but see Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463, 470–72 (3d Cir. 2024) (holding that GEICO's IFPA claims are arbitrable and mandating this Court to compel arbitration).

## II.  LEGAL STANDARD

### A.  Local Civil Rule 7.1(i)

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, Civ. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L. Civ. R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.*, Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'") (internal citation omitted); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked[.]" L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must file the motion within fourteen days of the entry of order or judgment showing at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677

(3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A court commits clear legal error "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the court overlooked something, the movant must point to some dispositive factual or legal matter that was presented to the court. *See* L. Civ. R. 7.1(i).

Stated simply, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, Civ. A. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

### III. DECISION

The Caring Pain Defendants argue the Court has committed clear legal error. (ECF no. 106-1 at 7, 10.) Specifically, they argue: (1) Third Circuit precedent does not allow a Rule 41(b) dismissal without prejudice, (2) dismissal without prejudice cannot depend on an "unrelated" case involving "unrelated" defendants, and (3) dismissal of GEICO's IFPA claim without prejudice cannot be reconciled with the Court's prior decision. (*Id.* at 5–12.) As to irreconcilability, Caring

4

Pain Defendants argue that the Court's reasons for denying dismissal without prejudice should likewise council against a dismissal order without prejudice here because: (1) Caring Pain Defendants would still be prejudiced if the Court granted dismissal without prejudice, (2) dismissal without prejudice would still conflict with the Third Circuit's mandate compelling arbitration, and (3) dismissal without prejudice would still permit impermissible forum shopping. (*Id.* at 7–12.)

In opposition, GEICO argues the Third Circuit has not read Rule 41(b) to require dismissal with prejudice whenever a plaintiff refuses to arbitrate. (ECF No. 107 at 10–11.) Second, they argue it was not legal error for the Court to grant dismissal without prejudice after learning of the New Jersey Supreme Court's decision to review the Appellate Division's *Carteret Comprehensive* decision because the Third Circuit's mandate to order arbitration was based on a predictive ruling of a state law at the heart of both this case and *Carteret Comprehensive*. (*Id.* at 12–13.) Third, GEICO contends that dismissal without prejudice is not irreconcilable with the Court's prior decision because the Court only learned the New Jersey Supreme Court had decided to grant certification in the *Carteret Comprehensive* case after this Court had issued its prior decision denying GEICO's motion to dismiss without prejudice. (*Id.* at 13–15.)

Here, the Court finds that Caring Pain Defendants are not entitled to reconsideration of the Court's decision granting their motion to dismiss without prejudice because they have failed to demonstrate that the Court has committed legal error. *ABS Brokerage Servs.*, 2010 WL 3257992, at *6.

### A. Third Circuit Precedent Does Not Preclude the Court from Ordering Dismissal Without Prejudice.

At the outset, Caring Pain Defendants misread *R&C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655 (3d Cir. 2022) for the incorrect proposition that district courts in

5

this Circuit do not have discretion to dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(b).

Indeed, "involuntary dismissals are *presumptively* with prejudice." *Papera v. Penn. Quarried Bluestone Co.*, 948 F.3d 607, 610 (3d Cir. 2020) (emphasis added). But "presumptively" does not mean "always." *See Presumption*, *Black's Law Dictionary* (11th ed. 2019) ("A presumption shifts the burden of production or persuasion to the opposing party, *who can then attempt to overcome the presumption*." (emphasis added)).

As the Third Circuit has made clear, involuntary dismissals, "'[u]nless the dismissal order states otherwise,' . . . 'operate[] as an adjudication on the merits' and so . . . [are] with prejudice." *Papera*, 948 F.3d at 610 (quoting Fed. R. Civ. P. 41(b)). In *Papera*, the Third Circuit adopted rules for interpreting whether a district court's voluntary or involuntary dismissal order was with or without prejudice. *Id.* at 611. In other words, the Third Circuit recognized that district courts may sometimes order involuntary dismissals without prejudice. *Id.* ("Only a clear and explicit statement will suffice to make a dismissal involuntary, or voluntary with prejudice.").

Moreover, the text of Fed. R. Civ. P. 41(b) itself assumes that courts may order involuntary dismissals without prejudice. The rule states that involuntary dismissal for failure to prosecute operates as an adjudication on the merits, *i.e.*, a dismissal with prejudice, "[u]nless the dismissal order states otherwise[.]" Fed. R. Civ. P. 41(b). As such, the Court did not err when it exercised its discretion in granting Caring Pain Defendants' motion to dismiss without prejudice.

6

### B. The Court's Dismissal Order Without Prejudice Is Not Irreconcilable with the Court's Denial of GEICO's Motion for Leave to Dismiss the Case Without Prejudice.

Given the New Jersey Supreme Court's decision to review *Carteret Comprehensive*, this Court's order granting Caring Pain Defendants' motion to dismiss without prejudice is reconcilable with its prior decision.

First, given that the New Jersey Supreme Court may well affirm the Appellate Division's decision, Caring Pain Defendants will not face substantial prejudice if the Court upholds its order granting dismissal of the IFPA claim without prejudice. Earlier, in its motion to dismiss Rule 41(a)(2), GEICO argued incorrectly that the Appellate Division's *Carteret Comprehensive* decision required dismissal without prejudice. (ECF No. 82 at 3–9.) As this Court has already made clear, the Appellate Division's decision does not control this Court's interpretation of New Jersey state law where the New Jersey Supreme Court has not yet ruled on the matter and the Third Circuit has made a predictive ruling. *See Gov't Emps. Ins. Co. v. Caring Pain Mgmt. PC*, Civ. A. No. 22-05017, 2025 WL 2017255, at *5–6 (D.N.J. July 18, 2025); *see also In re Makowka*, 754 F.3d 143, 148 (3d Cir. 2014) ("State appellate decisions, however, are not controlling: 'while we may not ignore the decision of an intermediate appellate court, we are free to reach a contrary result if, by analyzing other persuasive data, we predict that the State Supreme Court would hold otherwise.'" (quoting *Gruber v. Owens–Illinois Inc.*, 899 F.2d 1366, 1369 (3d Cir. 1990)). Because the Appellate Division's decision did not and could not abrogate the Third Circuit's mandate ordering arbitration, an order from this Court granting GEICO's motion to dismiss without prejudice would have done substantial prejudice to Caring Pain Defendants and GEICO. After all, "this case ha[d] been active since August 2022 [and had] involve[ed] substantial motion practice,

7

multiple decisions, and a key appeal." (ECF No. 106-1 at 7); *see also Gov't Emps. Ins. Co.*, 2025 WL 2017255, at *18–19.

However, between the issuance of the Court's two opinions, circumstances changed enough to justify this Court dismissing the case and exercising its discretion to do so without prejudice. Specifically, after this Court issued its order denying Caring Pain Defendants' motion to dismiss, the New Jersey Supreme Court granted certification of the Appellate Division's *Carteret Comprehensive* decision. Unlike the decision from the Appellate Division, a decision from the New Jersey Supreme Court holding that IFPA claims are inarbitrable as a matter of New Jersey law would permit this Court to vacate its prior order compelling arbitration of GEICO's IFPA claim, despite the Third Circuit's mandate. *Gov't Emps. Ins. Co.*, 2025 WL 2017255, at *6 ("New Jersey district courts are required to follow the decisions of the Third Circuit on interpretations of state law until a proper intervening change in the law has occurred, *i.e.*, the New Jersey Supreme Court rules otherwise . . . ." (internal citation omitted)). If the New Jersey Supreme Court so holds, it would work substantial injustice on GEICO and not Caring Pain Defendants if this court were to dismiss GEICO's IFPA claim with prejudice for failure to arbitrate. At bottom, it would make little sense to prevent GEICO from litigating its IFPA claim against Caring Pain Defendants simply because it "failed" to arbitrate a potentially inarbitrable IFPA claim.

As this Court noted in its last opinion, while the New Jersey Supreme Court has granted certification, "nothing has changed in the interim regarding the finality of *Carteret Comprehensive*, which means this Court's prior analysis remains unaffected and applies just the same" to Caring Pain Defendants' motion for reconsideration. *Gov't Emps. Ins. Co. v. Caring Pain Mgmt. PC*, No. 2:22-CV-05017, 2025 WL 2331326, at *4 (D.N.J. Aug. 12, 2025). Because the New Jersey Supreme Court has not yet ruled that IFPA claims are inarbitrable, this Court agrees

with Caring Pain Defendants' that GEICO's refusal to comply with this Court's order requires dismissal under Fed. R. Civ. P. 41(b). However, given that the New Jersey Supreme Court is poised to resolve the question of whether IFPA claims are arbitrable, dismissal without prejudice is most appropriate.

Second, if the New Jersey Supreme Court affirms the Appellate Division's *Carteret Comprehensive* decision, it is highly unlikely that a federal or state court would (or could) order arbitration of the IFPA claim if GEICO chooses to refile the claim. In other words, there is little danger of forum shopping. When this Court issued its prior decision, GEICO had not yet informed this Court of the New Jersey Supreme Court's decision to review the Appellate Division's *Carteret Comprehensive* decision. (ECF No. 101 at 1.) Therefore, this Court's order denying GEICO's motion to dismiss without prejudice contemplated that a dismissal order without prejudice would have encouraged forum shopping: GEICO could choose to refile in a New Jersey state court where arbitration would have been foreclosed pursuant to the Appellate Division's decision or federal court where the Third Circuit's mandate ordering arbitration remained (and remains) binding on this Court. However, that is presently not the case.

While this Court agreed with Caring Pain Defendants that "allowing Plaintiffs to forum shop . . . tilt[ed] in favor of denying the dismissal[,]" the New Jersey Supreme Court's decision to review the Appellate Division's decision cannot be wholly ignored. Dismissal is appropriate pursuant to Fed. R. Civ. P. 41(b) because GEICO's obstinance regarding arbitration amounts to a failure to prosecute. But subsequent developments—namely the New Jersey Supreme Court's grant of certification and the appearance of New Jersey state agencies responsible for administering and enforcing the Automobile Insurance Cost Reduction Act and the IFPA as amici

curiae who argue that IFPA claims are inarbitrable—dimmish the specter of forum shopping.[2] So, while it may appear that the Court's grant of Caring Pain Defendants' motion to dismiss without prejudice is irreconcilable with the Court's earlier decision denying GEICO's motion to dismiss without prejudice, the decisions are indeed reconcilable when considering the material intervening developments.

Moreover, while it is true that the parties in *Carteret Comprehensive* are not the same parties here, *Carteret Comprehensive* is most relevant to this litigation as it also involves the arbitrability of IFPA claims. Again, the Third Circuit issued a presently binding mandate compelling arbitration, but this mandate is premised on a prediction of New Jersey state law. As this Court has already explained, if the New Jersey Supreme Court comes out differently than the Third Circuit, this Court must follow the New Jersey Supreme Court's interpretation of New Jersey state law. *Doe v. Trustees of the Univ. of Pa.*, 270 F. Supp. 3d 799, 829 (E.D. Pa. 2017) ("[T]he [Third Circuit predictive] decision is binding on the district courts in the Third Circuit *until* either the *Pennsylvania Supreme Court or the Third Circuit* rules otherwise.") (internal citations omitted) (emphasis added). As such, this Court's dismissal order without prejudice produces a just result. On the one hand, the dismissal order sanctions GEICO for its failure to prosecute. On the other

---

[2] In New Jersey, "[c]ourts afford an agency great deference in reviewing its interpretation of statutes within its scope of authority and its adoption of rules implementing the laws for which it is responsible." *New Jersey Ass'n of Sch. Adm'rs v. Schundler*, 49 A.3d 860, 868 (2012) (citation modified). The relevant agencies here, the New Jersey Department of Banking and Insurance and the New Jersey Attorney General's Office of the Insurance Fraud Prosecutor, "submitted an amicus brief pointing out that insurance fraud claims have not historically been, nor should they be, subject to . . . arbitration." *Carteret Comprehensive Med. Care, PC*, 330 A.3d at 373. Considering that courts afford agencies "'great deference' in reviewing [their] 'interpretation of statutes within [their] scope of authority . . .'" it would be unsurprising if the New Jersey Supreme Court affirmed the Appellate Division's decision agreeing with the agencies that IFPA claims are inarbitrable. *Schundler*, 49 A.3d at 868 (quoting *New Jersey Soc. for Prevention of Cruelty to Animals v. New Jersey Dep't of Agric.*, 955 A.2d 886, 897 (2008)).

hand, the dismissal order is without prejudice in recognition of the reasonably strong likelihood that the New Jersey Supreme Court will review the Appellate Division's *Carteret Comprehensive* decision and hold IFPA claims to be inarbitrable under New Jersey law. The Court disagrees with Caring Pain Defendants characterization of *Carteret Comprehensive* as a matter that has "nothing to do with the Caring Pain Defendants, GEICO, or the Third Circuit's mandate[.]" (ECF. No. 106-1 at 10.)

Last, this Court's dismissal order does not impermissibly conflict with the Third Circuit's mandate compelling arbitration. After GEICO brought suit, Caring Pain Defendants sought to compel arbitration of the IFPA claims (ECF No. 16-1 at 1), which this Court denied. (ECF No. 38; ECF No. 39). Caring Pain Defendants filed an interlocutory appeal (ECF No. 41), and the Third Circuit issued a mandate compelling arbitration (ECF No. 46). As such, this Court ordered arbitration. (ECF No. 50.) However, as Caring Pain Defendants have pointed out and this Court has fully recognized, GEICO has failed to comply with that order. Therefore, this Court granted Caring Pain Defendants' motion to dismiss under Fed. R. Civ. P. 41(b) without reservation. At the same time, this Court cannot ignore that the New Jersey Supreme Court's disposition of *Carteret Comprehensive* may change the vehicle for resolving IFPA claims. Accordingly, this Court was well within its discretionary authority to order dismissal without prejudice pursuant to Fed. R. Civ. P. 41(b).

While an order dismissing the IFPA claim means that presently there will be no arbitration, such a result does not mean there is a conflict between this order and the Third Circuit's mandate. As the Third Circuit made clear in *R&C Oilfield Services LLC*, despite an enforceable arbitration clause, the district court did not abuse its discretion in dismissing the case, there, with prejudice for the plaintiff's refusal to arbitrate. 45 F.4th at 661–62 (3d Cir. 2022); *see also Caring Pain*

11

*Mgmt*. PC, 2025 WL 2331326, at *4. Here, pursuant to the Third Circuit's mandate, GEICO's IFPA claim must be arbitrated if pursued in federal court. But GEICO's outright refusal to comply with this Court's order requiring arbitration provides solid ground for this Court to order an involuntary dismissal, here, without prejudice.

Accordingly, Defendants' Motion for Reconsideration is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, and for good cause appearing, Defendants' Motion for Reconsideration (ECF No. 106) is **DENIED**. An appropriate order follows.

Date: October 15, 2025                                      */s/ Brian R. Martinotti*
                                                            **HON. BRIAN R. MARTINOTTI**
                                                            **UNITED STATES DISTRICT JUDGE**